NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 17-6140

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

PATTY JELSMA; SHANE JELSMA,    )
             )
  Plaintiffs-Appellants,     )
             )
v.               )
             )
KNOX COUNTY, TENNESSEE; BRADLEY COX, )
Individually and in his official capacity as officer of )
Knox County Sheriff's Department,   )
             )
  Defendants-Appellees,    )
             )
and            )
             )
J.J. JONES, Individually and in his official capacity )
as a Sheriff of Knox County, Tennessee,  )
             )
  Defendant.       )
             )

**FILED**
May 31, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

---

Before: MOORE, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. Patty Jelsma sued Officer Bradley Cox, claiming that he had used excessive force to arrest her. The district court initially denied Cox's motion for summary judgment, but it reconsidered that decision after Jelsma effectively admitted that Cox's use of force was reasonable. We affirm.

In 2013, Jelsma's mother called 911 to report that Jelsma "was having a fit of anger, was slamming doors, breaking a mirror and screaming at [her]." Officer Cox responded to the call and confronted Jelsma outside of her mother's house. Jelsma refused to provide identification. They argued; Cox then forced Jelsma to the ground, handcuffed her, and arrested her. All charges against Jelsma were later dropped. She thereafter brought this lawsuit, alleging (as relevant here)

that Cox had used excessive force against her in violation of 42 U.S.C. § 1983. The district court found triable issues of fact as to whether Cox's use of force was reasonable, and therefore denied his motion for summary judgment on that claim.

Meanwhile, Jelsma undisputedly violated the discovery rules: her medical expert's report lacked the necessary "summary of facts and opinions" and had been submitted nearly a year late; her witness list was merely a list of names, and did not include all the information required by Civil Rule 26(a)(3); and she had not responded to Cox's requests for admission until 10 months after the deadline. *See* Fed. R. Civ. P. 26(a)(2)-(3), 36(a)(3), 37(c)(1). The court thus precluded Jelsma's medical expert from testifying, struck most of Jelsma's witnesses, and deemed admitted all of Cox's requests for admission.

Cox thereafter asked the court to reconsider his motion for summary judgment in light of those rulings. The court did so, and held that Jelsma's admissions proved that Cox's use of force was reasonable as a matter of law. The court therefore entered judgment for Cox. We review that decision de novo. *See Michael v. City of Troy Police Dep't*, 808 F.3d 304, 307 (6th Cir. 2015).

A police officer's use of force must be objectively reasonable under the circumstances. *See, e.g.*, *Kent v. Oakland County*, 810 F.3d 384, 390 (6th Cir. 2016). Here, Jelsma admitted that Cox had been dispatched for a possible "domestic assault" and had been informed that Jelsma was "uncontrollable[.]" Jelsma also admitted that she "shoved her phone into . . . Cox's chest" during their encounter, "pulled away from [his] grasp and tried to get into her [running] vehicle" before he forced her to the ground, suffered "no visible injuries" as a result, and "never complained of any injuries" after her arrest. From these admissions, the district court determined that Cox's use of force to subdue a potentially fleeing and agitated suspect was reasonable under the circumstances. Jelsma has not appealed this aspect of the district court's decision.

Jelsma instead gives two reasons why, in her view, the district court should not have used her admissions to grant summary judgment. First, she contends that her admissions contradicted her affidavit—in which she said that Cox had injured her without provocation—and thus that the facts remained in dispute. *See* Fed. R. Civ. P. 56(a). But "[a] matter admitted . . . is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Jelsma never moved to withdraw or amend her admissions. Hence they "conclusively established" the "matter[s] admitted." *See id.*

Second, Jelsma asserts that the district court needed new evidence to reconsider its initial order denying summary judgment. Moreover, she says that her admissions were not new evidence because Cox's requests for admission predated that initial order. Although new evidence is one reason to reconsider an order, before final judgment a district court may reverse its denial of summary judgment "for any reason." *ACLU of Ky. v. McCreary County*, 607 F.3d 439, 450 (6th Cir. 2010) (citation omitted); *see* Fed. R. Civ. P. 54(b). Here the court had good reason to reverse itself: Cox's requests for admission ripened into admissions only after the court's initial order, and those admissions defeated Jelsma's case. *See* Fed. R. Civ. P. 36(b). The court reasonably chose to avoid a pointless trial.

The district court's judgment is affirmed.